## Addleman, Appellant, v. The Manufacturers Light & Heat Company (No. 2).

*Leases—Oil and gas leases—Royalties—Construction—Intention.*

Where a gas lease provides a graded scale of royalties based on minute pressure of the gas, which scale contains a minimum pressure, and the lease is silent as to use of gas or payment therefor while pressure is below the minimum, the lessor is not entitled to recover for gas produced below the minimum pressure and marketed by the lessee; the lessee may produce and market such gas without paying for it.

Argued Oct. 2, 1916. Appeal, No. 122, Oct. T., 1916, by plaintiff, from judgment of C. P. Greene Co., Sept. T., 1905, No. 89, on verdict for plaintiff, in case of J. A. Addleman v. The Manufacturers Light & Heat Company, a Corporation. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on gas lease to recover royalties. Before INGHRAM, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,287.50 and judgment thereon. Plaintiff appealed.

*Errors assigned* were certain instructions to the jury.

*Frank W. Downey,* with him *James J. Purman,* for appellant.

*A. Leo. Weil,* with him *S. M. Smith, Charles M. Thorp,* and *Malcolm Goldsmith,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 8, 1917:

This is an appeal by the plaintiff from the same judg-

ment complained of by the defendant in Addleman v. Mfrs. Light & Heat Co. (No. 1); the opinion therein being filed simultaneously herewith.

The present appellant is dissatisfied with the amount of the judgment entered in his favor, and states the questions here involved thus: "(1) Where a gas lease provides a graded scale of royalties, based on minute pressure of the gas, which scale contains a minimum pressure, and the lease is silent as to use of gas or payment therefor while pressure is below the minimum, is lessor entitled to recover for gas produced below the minimum pressure and marketed by lessee? (2) May lessee produce and market such gas [below minimum pressure] without paying for it?"

The contract in controversy bears date November 8, 1899, and provides that, "in consideration of one dollar paid by the lessee," the lessor "does hereby grant, demise and let unto the lessee, his successors and assigns, all the oil and gas" in and under certain therein described premises, for the term of five years, "and as much longer as oil or gas can be produced in paying quantities"; that the lessee shall pay to the lessor "for any well or wells producing gas in sufficient quantities to justify the lessee marketing the same in its pipe line, a semiannual sum to be ascertained as follows: Such well or wells shall be gauged in the casing in which completed, every six months; in the event the same should show for the first minute a pressure of 200 pounds or more, the rental for the next six months shall be $250......; in case it should show 15 to 25 pounds, said rental shall be $25." The lease further provides that, until drilling is commenced, the lessee shall pay to the lessor a fixed sum named therein, each three months, and that, "if gas is found in paying quantities to the lessee......, the lessor may have gas free of cost......for six fires in the mansion house on said premises."

The lessee drilled a well which produced gas in paying quantities. A dispute arose between the parties as to

the amounts due the lessor, and the latter brought suit upon the contract. The trial court ruled that the lessee was not obliged to pay for gas produced when the pressure was less than the minimum named in the lease.

The plaintiff claimed below, and argues here, that the defendant had no right to take or market any gas from the well when the minute pressure was under 15 pounds, unless it paid a price therefor. In other words, he contends "that defendant is liable to pay for all gas marketed after the minute pressure fell below the minimum fixed in the lease, such sum as the gas was worth in the market ......at the time it was taken or the difference in value of his [the plaintiff's] land as affected by taking the gas." On the other hand, the defendant's position is that the plaintiff is entitled only to such payments as are expressly provided for in the contract, and that no justification is to be found therein for the quantum meruit claimed by the latter.

We are of opinion that the learned trial court did not err when it ruled in accordance with the contention of the defendant. The lessor, for the considerations named in the contract of lease, granted to the lessee all the gas to be found upon the premises, and as soon as gas was produced in paying quantities the right thereto became vested in the latter, subject only to the express terms and conditions contained in the lease. There is nothing therein to the effect that the lessee may take gas only so long as the pressure shall exceed 15 pounds, as contended by the appellant; furthermore, we find no express provision for payment of royalty when the pressure shall fall below that minimum, nor any warrant for reading such a stipulation into the contract by implication.

The assignments of error are all overruled and the judgment is affirmed.